**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5223**

———————

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

UNULA BOO SHAWN ABEBE, a/k/a Sean Tyquan Adams, a/k/a Tryon
T. Jakes, a/k/a Shaun Adeve,

　　　　　Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.　Matthew J. Perry, Jr., Senior
District Judge.　(3:09-cr-00251-MJP-1)

———————

Submitted:　June 30, 2011　　　　　Decided:　July 5, 2011

———————

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Andrew MacKenzie, BARRETT MACKENZIE, LLC, Greenville, South
Carolina, for Appellant.　William N. Nettles, United States
Attorney, Jeffrey Mikell Johnson, Robert F. Daley, Jr.,
Assistant United States Attorneys, Columbia, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Unula Boo Shawn Abebe appeals the two sixty-month sentences imposed by the district court and ordered to run consecutively following his conviction after a jury trial of two counts of delivering through the mail a letter threatening the life of the President of the United States, in violation of 18 U.S.C. § 871(a) (2006). On appeal, Abebe contends that the district court committed procedural sentencing error by failing to adequately explain the sentence, and that the sentence is excessive and thus substantively unreasonable. We affirm.

We review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to consider the § 3553(a) factors" or "failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. The district court must make an individualized assessment based on the facts presented by applying the relevant 18 U.S.C. § 3553(a) (2006) factors to the circumstances of the case. Id. at 50-51

While the district court need not "robotically tick through § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), the district court "'should

2

set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). The court's explanation must be sufficient to allow for "meaningful appellate review" such that the appellate court need "not guess at the district court's rationale." Carter, 564 F.3d at 329-30. (internal quotation marks omitted).

A procedural sentencing objection raised for the first time on appeal is reviewed for plain error. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). "By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." Id. at 578.

Here, Abebe did not argue for a sentence different than the one ultimately imposed, and thus his claim is reviewed for plain error. Our review of the record leads us to conclude that Abebe has not established error, much less plain error. The district court considered the § 3553(a) factors and the Government's recommendation, and rendered an individualized explanation highlighting its reasons for the chosen sentence.

3

Accordingly, we conclude that the district court did not procedurally err when imposing sentence.

We next review the substantive reasonableness of Abebe's sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. In cases where, as here, a defendant is subject to multiple terms of imprisonment, the district court may order the terms to run consecutively or concurrently. 18 U.S.C. § 3584(a) (2006). In making this determination, the district court shall consider the factors set forth in § 3553(a). 18 U.S.C. § 3584(b) (2006). As noted above, the district court considered the relevant § 3553(a) factors in determining Abebe's sentence. We conclude that, in the totality of the circumstances in Abebe's case, the sentence is not substantively unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4